WILLARD HAYS v. THE STATE.

No. 2810.   Decided October 12, 1904.

**1.—Local Option—Bill of Exceptions—Jury—Practice on Appeal.**

Where no facts were stated in the bill of exceptions with reference to the obnoxious jurors whom the bill states defendant was forced to challenge peremptorily, there is nothing in the way of objection that would authorize the Court of Criminal Appeals to pass upon the issue involved.

**2.—Same—Questions Not Answered Not Considered.**

Where the bill of exceptions does not show that the questions propounded to a witness by the State were answered, there is nothing to review.

**3.—Local Option—Sufficiency of Evidence—Blind Tiger—Fact Case.**

See opinion which states the facts which are held to be sufficient to sustain a conviction for a violation of the local option law, and where the sale took place on a boat on the river, by means of a revolving wheel and automatic device.

Appeal from the County Court of Panola. Tried below before Hon. J. G. Woolworth.

Appeal from a conviction of local option law; penalty, a fine of $75 and fifty days' confinement in the county jail.

The opinion states the case.

*W. R. Anderson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. The court was requested by appellant's attorney to instruct a verdict of not guilty, which was declined. Under the facts this action of the court was not error.

The second bill of exceptions recites that while the jury were being empaneled, they were asked the usual questions as to whether they had any established opinion as to the guilt or innocence of the defendant, charging him with the offense of the sale of the liquor mentioned in the pleadings. Two of the jurors answered they had an opinion. They were then asked, if that would influence their action in finding a verdict, and replied it would not. Defendant then asked, if it would require evidence to remove this opinion. Each of said jurors answered that it would. Defendant challenged each of said jurors for cause, which challenge was overruled. The bill further uses this language: "Thereby forcing defendant to exhaust two of his challenges, in that he was forced to challenge said jurors, and thereby forcing defendant to accept other then on said jury that were obnoxious to· him. To which action of the court, defendant then and there excepted." This bill is too general to require a discussion of the matter sought to be presented. The general statement that a juror or jurors were placed upon the jury objectionable to a ·party reserving the exception is not sufficient. The bill must show something in the way of objection that would authorize this court to pass upon the issues involved. No facts are stated in reference to the obnoxious jurors rendering them subject to exception. This has been the settled law in Texas, as we understand it, under the unbroken line of decisions. These jurors did not sit on the trial, but were peremptorily challenged.

Another bill of exceptions was taken to the action of the court permitting State's counsel to ask certain questions of the State's witness Hillin. These questions were intended to cast reflection upon this witness, and if answered in the affirmative would have shown an evasion on his part of stating before the jury all that he may have stated to the county attorney before being placed upon the stand. Without going into discussion of this question, it is sufficient to state that the bill of exceptions does not show that the questions were answered. So it is not necessary to discuss it.

It is also contended that the evidence does not support the convic-

tion.  This is a local option case.  It seems appellant had a boat out in the Sabine river; that he and one Taylor were on the boat, when witness Hillin approached the bank and was carried from the bank in a canoe to the boat by appellant.  Among other appurtenances pertaining to the boat, was a wheel so constructed that bottles of whisky were placed in it, and by turning the wheel these bottles were brought to a point where a party on the deck of the boat could obtain them.  There seems to have been some ingenuity displaced in the construction of this device, which was done under supervision of appellant.  While upon the boat the witness Hillin desired to purchase some whisky of appellant.  They went to this wheel.  Appellant laid down twenty-five cents; the wheel was turned, and in the revolution of the wheel, the whisky was brought to where he could and did get it.  Appellant and Taylor were there at the time, as well as Hillin.  Taylor was a visitor.  Appellant owned the boat.  This is the substance of the facts, and appellant contends that it was not sufficient to show that he sold the whisky.  We think it is amply sufficient, and that this device was a poorly gotten up sham. He owned the boat, the wheel was his as a part of the machinery of the boat; the whiskey was in the wheel, which was turned.  Witness Hillin got the whisky from the wheel—"it was turned out to him." Witness Taylor, who was present, had also bought whisky in the same way.  The judgment is affirmed.

*Affirmed.*